IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC JUAN FORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:21-CV-493-R |
| | ) |
| JENNIFER HINSPERGER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Report and Recommendation of Magistrate Judge Amanda Maxfield Green in which she reasons that Plaintiff Eric Juan Ford's 42 U.S.C. § 1983 complaint [Doc. No. 1] should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(a). Doc. No. 17. Mr. Ford has timely filed his Objection [Doc. No. 24], and the matter is ripe for decision. For the reasons set out herein, on *de novo* review, the Court ADOPTS Judge Green's Report and Recommendation.

Plaintiff is currently serving a life term of incarceration for second degree murder. Order, *Ford v. Oklahoma¸* No. CF-85-5611 at 1, (Dist. Ct. Okla. Co., July 23, 2020) (available at Docket No. PC-20-198 07-27-2020) (hereafter "July 2020 Order").[1] On August 22, 2018, Plaintiff filed a Motion for Forensic DNA Testing pursuant to the Postconviction DNA Act, 22 O.S. Supp. 2013 §§ 1373–1373.7 in the District Court of

---

[1] *See* https://www.oscn net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2020-198&cmid=127935; https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2020-628&cmid=128824 (last accessed 2/7/2022). The Court takes judicial notice of the docket sheets and related documents in Plaintiff's state criminal proceedings. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (courts may exercise discretion "to take judicial notice of publicly-filed records . . . concerning matters that bear directly upon the disposition of the case at hand") (citation omitted).

Oklahoma County. *Id*. The court denied the motion without a hearing, and the Oklahoma Court of Criminal Appeals (OCCA) remanded the motion for failing to hold a hearing. Remand, *Ford v. Oklahoma¸* No. CF-85-5611 (O.C.C.A. May 19, 2020) (available at Docket No. PC-20-168 05-19-2020). After conducting a hearing, the district court found that the state could not provide Mr. Ford with any evidence in his case because the evidence had been destroyed in 1986 and 1987 after his conviction had been finalized. July 2020 Order. The OCCA affirmed this determination. Affirmation, *Ford v. Oklahoma¸* No. CF-85-5611 (O.C.C.A. Feb. 26, 2021) (available at Docket No. PC-20-628 02-26-2021).

Plaintiff brings his claim against Oklahoma County Assistant District Attorney Jennifer Hinsperger, who was not the original prosecutor in Mr. Ford's case but handled the postconviction matters discussed above. He alleges that Defendant violated his due process rights pursuant to the Fourteenth Amendment of the United States Constitution for failing to provide him with an inventory of all the evidence related to his conviction. Doc. No. 1 at 11. Plaintiff limits his claims to relief to one dollar in compensatory damages and 10,000 dollars in punitive damages. Doc. No. 1 at 11.

Judge Green recommends the Court dismiss Mr. Ford's complaint with prejudice for failing to state a claim on which relief may be granted pursuant to § 1915A. She reasons that prosecutors are absolutely immune from suit for civil damages when their performance is intimately associated with the judicial phase of the criminal process, and that Defendant

is such a prosecutor. Doc. No. 17. Accordingly, Defendant is entitled to absolute immunity from suit.[2]

Mr. Ford objects that he has a protected liberty interest in obtaining the evidence inventory from his case, and that right has been violated by Defendant's failure to provide him with the inventory. Doc. No. 25 at 6–9. He further argues that Ms. Hinsperger is not entitled to absolute immunity from suit because she has not personally sought it, and that she was not acting in her prosecutorial capacity when handling his postconviction motion for forensic evidence. *Id*. at 10–11.

The Tenth Circuit has held that "State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process." *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994). Prosecutors are intimately associated with the judicial process "where the prosecutor is personally involved in the [postconviction] proceedings and continues [her] role as an advocate." *Ellibee v. Fox*, 244 F. App'x 839, 844–45 (10th Cir. 2007). Here, it is unquestionable that Defendant was acting as an advocate on behalf of the state and personally involved in Plaintiff's motion for postconviction forensic DNA testing. Furthermore, Defendant failed to provide the evidence inventory because it no longer existed after the passage of almost 35 years since Plaintiff's conviction. July 2020 Order. In short, the Court concludes Defendant is entitled to absolute immunity.

---

[2] The Report and Recommendation alternatively reasoned that Plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). The Court finds addressing this reasoning is unnecessary because Defendant has absolute prosecutorial immunity.

Plaintiff also objects that the Court must wait for Defendant to request absolute immunity before it may dismiss his claim pursuant to § 1915A. The Court is not required to wait for Defendant to invoke her immunity. The Tenth Circuit has held that the Court may properly exercise its § 1915A(b)(2) authority to pre-screen cases and dismiss a prisoner's § 1983 claim based on absolute prosecutorial immunity without waiting for Defendant to invoke that immunity. *See Blair v. Osborn*, 777 F. App'x 926, 928–929 (10th Cir. 2019). Accordingly, the Court ADOPTS the Report and Recommendation and DISMISSES Plaintiff's complaint with prejudice.

IT IS SO ORDERED this 7th day of February 2022.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE